W. CRUTCHFIED and H. H. KNOX *v.* E. P. DURANDO.

PLEA IN ABATEMENT. To an action of replevin for a chattel before a justice, the defense that the justice has no jurisdiction because the chattel was in the possession of one of the defendants as an officer, by virtue of the levy of an attachment from the Chancery Court sued out by the other defendant, is a plea in abatement which must be in writing, under the Code, section 2901.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county.    J. B. HOYLE, J.

VAN DYKE, COOKE & VAN DYKE for plaintiffs.

J. A. MOORE for defendants.

COOPER, J., delivered the opinion of the court.

Action of replevin for a clock, commenced before a justice of the peace, carried by appeal to the Circuit Court, and there tried by the Judge without a jury, who gave judgment in favor of the plaintiff below, and the defendants appealed in error.

The correctness of the judgment of the Circuit Court on the merits is not disputed. The claim for a reversal is rested upon the ground that the justice had no jurisdiction of the suit, because the clock was, at the commencement of the action, in the custody of the appellant Knox, as deputy sheriff, by virtue of the levy of an attachment from the Chancery Court, issued at the instance of the appellant Crutchfield, under a bill filed by him against one J. C. Stanton, being described in the bill and attachment, and levied upon as the property of Stanton. But it is obvious that this defense was a plea to the jurisdiction of the justice, and, under the Code, section 2901, could not be received unless filed in writing. *Grove* v. *Campbell*, 9 Yer., 7; *Neville* v. *Northcutt*, 7 Col., 294. No such plea was offered, and the evidence relied on is inadmissible and irrelevant.

Affirm the judgment.